USDC SCAN INDEX SHEET











JUANITAS


TENET CORPORATION


JAH   5/26/98   17:07

3:98-CV-00958

*1*

*NTCREM.*

ORIGINAL

1

2  **LOEB & LOEB LLP**
   RAYMOND W. THOMAS, ESQ. (Bar #072916)

3  MARITA COVARRUBIAS, ESQ. (Bar #156460)
   RICHARD J. FREY, ESQ. (Bar #174120)

4  10100 Santa Monica Blvd., Suite 2200
   Los Angeles, California  90067-4164

5  Telephone:  (310) 282-2000

6  Attorneys for Defendants
   TENET HEALTHCARE CORPORATION, HARBOR VIEW

7  MEDICAL CENTER and STEVE HALL

8

9                    UNITED STATES DISTRICT COURT

10               FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11  OSCAR A. JUANITAS, JR.; SHIRLEY A.      )   CASE NO.    '98 CV  9585  (POR)
    MERCERI; N. PAUL SAMPSON; CYNTHIA      )

12  V. DE GUIA; DEBORAH A. KELLER;          )   **NOTICE OF REMOVAL OF CIVIL**
    DANIEL P. RODDEN; ARACELI C.           )   **ACTION NO. 719836 FROM THE**

13  OCAMPO; GAIL A. SCHWARTZ; KENNETH      )   **SUPERIOR COURT OF THE**
    J. HOLMES; DENISE C. MARIANO;          )   **STATE OF CALIFORNIA IN AND**

14  SANDRA R. HAJEK; THOMAS W. KIRK;        )   **FOR THE COUNTY OF SAN**
    PAMELA L. FANTIN; OTTO K. STOKES;      )   **DIEGO**

15  BRANDY L. LeBOHUF; TINA F. OAKS;        )
    ALBERT D. RADLO; CINDY SILVER;         )

16  JOSEPHINE ADAME; JOHN HANK;             )   **[Federal Question]**
    TERESA L. WINKLER; TINNIE WOMACK;      )

17  MARIETTA A. ALHAMBRA; MARGARET         )
    HOLLOHAN; PAUL A. VIENS; MARY M.       )

18  MILLER-CORDOVA; MARY C. HACKER;         )
    DAWN D. SEPPALA; WENDY                 )

19  ANDRZEJEWSKI; MARK DOBRINA;             )
    KAREN D. WILKINS; PATRICIA ABDEL-      )

20  RAZZAQ; NATHANIA D. LANG; VIRGILIO     )
    N. FRESTO; PAULINE M. GONZALES;        )

21  ORLANDO REYNA; PATRICIA FLEEGE;         )
    MEGAN K. SMITH; BILL A. WATERS;        )

22  VIRGINIA I. ELSMORE; SONIA M.           )
    MANALO; BRENDA L. GALZA; LORETTA       )

23  J. ALEXANDER; TERRY SAUNDERS;           )
    DIANNE COLLINS; CORINNE BRUCK;         )

24  MILAGROS DATUGAN; ETHEL M.              )
    LIZARRARAS; ROSALINA PINALES;          )

25  JANALEE ARNETT; TRUDY BOELMAN;          )
    JOY MELHADO; SALLY NALEY;              )

26  DEBORAH LEICHTLING; BIENVENIDA          )
    McINNIS; LOUISE Y. FLORES; ANNA        )

27  GUTIERREZ; FLORABEL A. TINIO;           )
    LOURDES C. FARIN; MILO C.              )

28  MATTHEWS; MERLY LETE; CLYDE             )

FRR11551.P03
05/19/98
RJF:mm4

STEVENSON, JR.; NORMA MARTINEZ;  )
ROSARIO PHILLIPS; MARITES G. MIPOL;  )
BELLA AQUINO; FERNANDO P.  )
BAUTISTA; COLLEEN F. MOORE; MARY  )
COHEN; ABEL C. GARCIA; MAGDALENA  )
D. ACAIN; NUNCIA M. RIVERA; DAVID  )
PERRY; CINDY FERGUSON; ELIZABETH  )
JAFFE; PATRICIA J. MYERS; LINNETTE  )
OAKLEY; EMERITA K. VIRAY; ELSA  )
ACACIO; DAHLIA TAYAG; ROSITA  )
ESTACIO; ROSALEEH T. ALAYON;  )
ORLANDA E. ECOJA; DOLORES  )
APOSTOL; BEVERLY D. WALKER; LILLIE  )
A. GALVAN; MARY K. AQUIMINGOC;  )
BEVERLY ROLING; and PATRICIA  )
FLORES  )
                                                                      )
                    Plaintiffs,                            )
                                                                      )
vs.                                                                )
                                                                      )
TENET CORPORATION; HARBOR VIEW  )
HOSPITAL; STEVE HALL; and DOES 1  )
through 100, Inclusive,                         )
                                                                      )
                    Defendants.                         )
                                                                      )

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Tenet Healthcare Corporation (erroneously sued

herein as Tenet Corporation), Harbor View Medical Center (erroneously sued herein as Harbor

View Hospital) and Steve Hall (collectively "Defendants"), Defendants in the civil action entitled

OSCAR A. JUANITAS, JR.; SHIRLEY A. MERCERI; N. PAUL SAMPSON; CYNTHIA V. DE

GUIA; DEBORAH A. KELLER; DANIEL P. RODDEN; ARACELI C. OCAMPO; GAIL A.

SCHWARTZ; KENNETH J. HOLMES; DENISE C. MARIANO; SANDRA R. HAJEK;

THOMAS W. KIRK; PAMELA L. FANTIN; OTTO K. STOKES; BRANDY L. LeBOHUF;

TINA F. OAKS; ALBERT D. RADLO; CINDY SILVER; JOSEPHINE ADAME; JOHN HANK;

TERESA L. WINKLER; TINNIE WOMACK; MARIETTA A. ALHAMBRA; MARGARET

HOLLOHAN; PAUL A. VIENS; MARY M. MILLER-CORDOVA; MARY C. HACKER;

DAWN D. SEPPALA; WENDY ANDRZEJEWSKI; MARK DOBRINA; KAREN D. WILKINS;

PATRICIA ABDEL-RAZZAQ; NATHANIA D. LANG; VIRGILIO N. FRESTO; PAULINE M.

FRR11551.P03
05/19/98
RJF:mm4

1  GONZALES; ORLANDO REYNA; PATRICIA FLEEGE; MEGAN K. SMITH; BILL A.

2  WATERS; VIRGINIA I. ELSMORE; SONIA M. MANALO; BRENDA L. GALZA; LORETTA

3  J. ALEXANDER; TERRY SAUNDERS; DIANNE COLLINS; CORINNE BRUCK; MILAGROS

4  DATUGAN; ETHEL M. LIZARRARAS; ROSALINA PINALES; JANALEE ARNETT; TRUDY

5  BOELMAN; JOY MELHADO; SALLY NALEY; DEBORAH LEICHTLING; BIENVENIDA

6  McINNIS; LOUISE Y. FLORES; ANNA GUTIERREZ; FLORABEL A. TINIO; LOURDES C.

7  FARIN; MILO C. MATTHEWS; MERLY LETE; CLYDE STEVENSON, JR.; NORMA

8  MARTINEZ; ROSARIO PHILLIPS; MARITES G. MIPOL; BELLA AQUINO; FERNANDO

9  P. BAUTISTA; COLLEEN F. MOORE; MARY COHEN; ABEL C. GARCIA; MAGDALENA

10  D. ACAIN; NUNCIA M. RIVERA; DAVID PERRY; CINDY FERGUSON; ELIZABETH

11  JAFFE; PATRICIA J. MYERS; LINNETTE OAKLEY; EMERITA K. VIRAY; ELSA ACACIO;

12  DAHLIA TAYAG; ROSITA ESTACIO; ROSALEEH T. ALAYON; ORLANDA E. ECOJA;

13  DOLORES APOSTOL; BEVERLY D. WALKER; LILLIE A. GALVAN; MARY K.

14  AQUIMINGOC; BEVERLY ROLING; and PATRICIA FLORES, Plaintiffs, vs. TENET

15  CORPORATION; HARBOR VIEW HOSPITAL; STEVE HALL; and DOES 1 through 100,

16  Inclusive, Defendants., Case No. 719836, in the Superior Court of the State of California in and

17  for the County of San Diego, Southern District, hereby jointly remove said action to the United

18  States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1331 and

19  1441(b).  Removal is based upon the following grounds:

20        1.      A civil action entitled OSCAR A. JUANITAS, JR.; SHIRLEY A.

21  MERCERI; N. PAUL SAMPSON; CYNTHIA V. DE GUIA; DEBORAH A. KELLER; DANIEL

22  P. RODDEN; ARACELI C. OCAMPO; GAIL A. SCHWARTZ; KENNETH J. HOLMES;

23  DENISE C. MARIANO; SANDRA R. HAJEK; THOMAS W. KIRK; PAMELA L. FANTIN;

24  OTTO K. STOKES; BRANDY L. LeBOHUF; TINA F. OAKS; ALBERT D. RADLO; CINDY

25  SILVER; JOSEPHINE ADAME; JOHN HANK; TERESA L. WINKLER; TINNIE WOMACK;

26  MARIETTA A. ALHAMBRA; MARGARET HOLLOHAN; PAUL A. VIENS; MARY M.

27  MILLER-CORDOVA;    MARY    C.    HACKER;    DAWN    D.    SEPPALA;    WENDY

28

1   ANDRZEJEWSKI; MARK DOBRINA; KAREN D. WILKINS; PATRICIA ABDEL-RAZZAQ;

2   NATHANIA D. LANG; VIRGILIO N. FRESTO; PAULINE M. GONZALES; ORLANDO

3   REYNA; PATRICIA FLEEGE; MEGAN K. SMITH; BILL A. WATERS; VIRGINIA I.

4   ELSMORE; SONIA M. MANALO; BRENDA L. GALZA; LORETTA J. ALEXANDER;

5   TERRY SAUNDERS; DIANNE COLLINS; CORINNE BRUCK; MILAGROS DATUGAN;

6   ETHEL M. LIZARRARAS; ROSALINA PINALES; JANALEE ARNETT; TRUDY BOELMAN;

7   JOY MELHADO; SALLY NALEY; DEBORAH LEICHTLING; BIENVENIDA McINNIS;

8   LOUISE Y. FLORES; ANNA GUTIERREZ; FLORABEL A. TINIO; LOURDES C. FARIN;

9   MILO C. MATTHEWS; MERLY LETE; CLYDE STEVENSON, JR.; NORMA MARTINEZ;

10  ROSARIO PHILLIPS; MARITES G. MIPOL; BELLA AQUINO; FERNANDO P. BAUTISTA;

11  COLLEEN F. MOORE; MARY COHEN; ABEL C. GARCIA; MAGDALENA D. ACAIN;

12  NUNCIA M. RIVERA; DAVID PERRY; CINDY FERGUSON; ELIZABETH JAFFE;

13  PATRICIA J. MYERS; LINNETTE OAKLEY; EMERITA K. VIRAY; ELSA ACACIO;

14  DAHLIA TAYAG; ROSITA ESTACIO; ROSALEEH T. ALAYON; ORLANDA E. ECOJA;

15  DOLORES APOSTOL; BEVERLY D. WALKER; LILLIE A. GALVAN; MARY K.

16  AQUIMINGOC; BEVERLY ROLING; and PATRICIA FLORES, Plaintiffs, vs. TENET

17  CORPORATION; HARBOR VIEW HOSPITAL; STEVE HALL; and DOES 1 through 100,

18  Inclusive, Defendants., Case No. 719836, ("Complaint"), has been commenced and is now

19  pending in the Superior Court of the State of California in and for the County of San Diego.

20          2.      This Notice of Removal is filed within the thirty 30-day time period

21  provided by 28 U.S.C. § 1446(b) in that it has been filed within thirty (30) days of Defendants'

22  receipt of a copy of the Complaint.

23          3.      The Complaint was filed in the state court action on or about April 16,

24  1998. Defendants received a copy of the Complaint on April 22, 1998, and received no other

25  pleadings prior to that date.  A true and correct copy of the Complaint is attached hereto as

26  Exhibit "A."  Prior to the filing of this Notice of Removal, Defendants filed a "General Denial

27  of Defendants Tenet Healthcare Corporation, Harbor View Medical Center and Steve Hall to

28

1    Plaintiffs' Complaint" ("General Denial") in the state court action.  A true and correct copy of

2    said General Denial is attached hereto as Exhibit "B."  Defendants have not filed or been served

3    with any other pleadings, papers and/or orders in the state court action.

4           4.      This is an action over which this Court has original jurisdiction under 28

5    U.S.C. § 1331 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b),

6    in that it states claims that arise under the Employment Retirement Income Security Act of 1974

7    ("ERISA"), 29 U.S.C. § 1001, et. seq.

8           5.      The Complaint attempts to allege common law claims of 1) breach of

9    written contract, 2) breach of oral contract, 3) breach of implied covenant of good faith and fair

10   dealing, 4) promissory estoppel, 5) promissory fraud, 6) fraud, 7) negligent misrepresentation, 8)

11   concealment, 9) promise without intent to perform, 10) intentional interference with prospective

12   economic advantage, and 11) negligent interference with prospective economic advantage.  Each

13   of Plaintiffs' claims are based upon the allegations that Defendants: 1) maintained a written

14   severance pay policy that entitled Plaintiffs to severance pay upon termination, and 2) promised

15   Plaintiffs "special severance packages," which "varied depending on the longevity of each

16   Plaintiff's employment."  (Exh. "A," ¶¶ 11, 15, 16, 23).  The Complaint further alleges that

17   Defendants breached the aforementioned severance plans by refusing to pay severance benefits

18   to Plaintiffs upon their termination (Exh. "A," ¶¶ 13, 18, 25, 31).

19          6.      Although "artfully pled" and couched in state law contract, estoppel, fraud,

20   negligence, and interference claims in an effort to avoid federal jurisdiction, the Complaint

21   actually seeks to enforce the terms of a severance plan, which is manifestly governed by ERISA.

22   29 U.S.C. § 1002(1); 29 C.F.R. § 2510.3-1(a)(3); Bogue v. Ampex Corp., 976 F.2d 1319 (9th

23   Cir. 1992) (severance pay considered "employee welfare benefit plan" under ERISA).  ERISA

24   preempts "any and all State laws insofar as they may now or hereafter relate to any employee

25   benefit plan." 29 U.S.C. § 1144(a).  As such, Plaintiffs' claims are "completely preempted" and

26

27

28

1   thus removable to this Court. <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 107 S.Ct. 1542

2   (1987).

3           7.     Plaintiffs' federal claims and any remaining state claims arise out of a

4   common nucleus of operative facts; therefore, this Court may properly exercise supplemental

5   jurisdiction over any such state claims pursuant to 28 U.S.C. § 1367.

6           8.     All named defendants consent to and join in this Notice of Removal.

7   DATED:   May 20, 1998

8    

9                                   LOEB & LOEB LLP
    Raymond W. Thomas, Esq.
    Marita Covarrubias, Esq.
10  Richard J. Frey, Esq.

11   

12  By _MCovarrubias_
                          Marita Covarrubias
13                    Attorneys for Defendants
    Tenet Healthcare Corporation,
14                    Harbor View Medical Center and Steve Hall

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRR11551.P03
05/19/98
RJF:mm4

APR 20 '98  03:46PM GD&C SAN DIEGO

GEORGE P. ANDREOS, APLC
George P. Andreos (SBN 035012)
11405 West Bernardo Court, Ste. 203
San Diego, California 92127-1639
(619) 675-8691

Attorney for Plaintiffs

FILED
CIVIL DIVISION

1998 APR 16  P 4 10

KENNETH E. MARTONE
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

A6030 4

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

OSCAR A. JUANITAS, JR.; SHIRLEY A.
MERCERI; N. PAUL SAMPSON; CYNTHIA
V. DE GUIA; DEBORAH A. KELLER;
DANIEL P. RODDEN; ARACELI C.
OCAMPO; GAIL A. SCHWARTZ; KENNETH
J. HOLMES; DENISE C. MARIANO;
SANDRA R. HAJEK; THOMAS W. KIRK;
PAMELA L. FANTIN; OTTO K. STOKES;
BRANDY L. LeBOEUF; TINA F. OAKS;
ALBERT D. RADLO; CINDY SILVER;
JOSEPHINE ADAMS; JOHN HANK; TERESA
L. WINKLER; TINNIE WOMACK;
MARIETTA A. ALHAMBRA; MARGARET
HOLLOHAN; PAUL A. VIENS; MARY M.
MILLER-CORDOVA; MARY C. HACKER;
DAWN D. SEPPALA; WENDY
ANDRZEJEWSKI; MARK DOBRINA; KAREN
D. WILKINS; PATRICIA ABDEL-RASSAQ;
NATHANIA D. LANG; VIRGILIO N.
PRESTO; PAULINE M. GONZALES;
ORLANDO REYNA; PATRICIA FLEEGE;
MEGAN K. SMITH; BILL A. WATERS;
VIRGINIA I. ELSMORE; SONIA M.
MAHALO; BRENDA L. GALSA; LORETTA
J. ALEXANDER; TERRY SAUNDERS;
DIANNE COLLINS; CORINNE BRUCE;
MILAGROS DATUGAN; ETHEL M.
LIZARRARAS; ROSALINA PINALES;
JANALEE ARONTT; TRUDY BOELMAN; JOY
MELHADO; SALLY HALEY; DEBORAH
LEICHTLING; BIENVENIDA McINNIS;
LOUISE Y. FLORES; ANNA GUTIERREZ;
FLORABEL A. TINIO; LOURDES C.
FARIN; MILO C. MATTHEWS; MERLY
LETE; CLYDE STEVENSON, JR.; NORMA
MARTINES; ROSARIO PHILLIPS;

Case No.                    719836

COMPLAINT FOR:
1)  BREACH OF WRITTEN CONTRACT
2)  BREACH OF ORAL CONTRACT
3)  BREACH OF IMPLIED COVENANT OF
    GOOD FAITH AND FAIR DEALING
4)  PROMISSORY ESTOPPEL
5)  PROMISSORY FRAUD
6)  FRAUD
7)  NEGLIGENT MISREPRESENTATION
8)  CONCEALMENT
9)  PROMISE WITHOUT INTENT TO
    PERFORM
10) INTENTIONAL INTERFERENCE WITH
    PROSPECTIVE ECONOMIC
    ADVANTAGE
11) NEGLIGENT INTERFERENCE WITH
    PROSPECTIVE ECONOMIC
    ADVANTAGE

7

1  MARITES G. NIPOL; BELLA AQUINO;
   FERNANDO P. BAUTISTA; COLLEEN F.
2  MOORE; MARY COHEN; ABEL C. GARCIA;
   MAGDALENA D. ACAIN; NUNCIA M.
3  RIVERA; DAVID PERRY; CINDY
   FERGUSON; ELIZABETH JAFFE;
4  PATRICIA J. MYERS; LINNETTE
   OAKLEY; EMERITA K. VIRAY; ELSA
5  ACACIO; DAHLIA TAYAG; ROSITA
   ESTACIO; ROSALEEN T. ALAYON;
6  ORLANDA E. ECOJA; DOLORES APOSTOL;
   BEVERLY D. WALKER; LILLIE A.
7  GALVAN; MARY R. AQUIMINGOC;
   BEVERLY ROLING; and PATRICIA
8  FLORES

9                        Plaintiffs,

10 v.

11 TENET CORPORATION; HARBOR VIEW
   HOSPITAL; STEVE HALL; and DOES 1
12 through 100, inclusive,

13                        Defendants.

14 _____

15     Plaintiffs allege:

16          GENERAL ALLEGATIONS FOR ALL CAUSES OF ACTION

17     1.   Plaintiffs are residents of the County of San Diego,

18 California.   Plaintiffs were all employees of Defendants TENET

19 CORPORATION and HARBOR VIEW HOSPITAL at all times herein mentioned.

20     2.   Plaintiffs allege that the agreements sued upon herein were

21 entered into in the County of San Diego, California, and that the acts

22 complained of herein and the resulting damage to Plaintiffs occurred in

23 the County of San Diego, California.

24     3.   Plaintiffs are informed and believe and thereon allege that

25 Defendant TENET CORPORATION (hereinafter "TENET") is and at all times

26 herein mentioned was a corporation duly organized and qualified to do

27 business in the County of San Diego, State of California.

28 ...

1          4.    Plaintiffs are informed and believe and thereon allege that

2     Defendant HARBOR VIEW HOSPITAL (hereinafter "HARBOR VIEW") is and at all

3     times herein mentioned was a corporation duly qualified to do business

4     in the State of California, with its principal place of business in the

5     City of San Diego, State of California.

6          5.    Plaintiffs are informed and believe and thereon allege that

7     TENET owns and controls a wholly owned subsidiary of the company known

8     as HARBOR VIEW and exercises substantial authority in devising and

9     implementing employment practices and policies at HARBOR VIEW.

10    Plaintiffs further allege that HARBOR VIEW was a duly authorized agent

11    of TENET.  All actions taken by HARBOR VIEW were in the course and scope

12    of its agency with TENET, said actions were performed at the direction

13    and request of TENET, and said actions were performed for the benefit of

14    TENET.

15         6.    Plaintiffs are informed and believe and thereon allege that

16    Defendant STEVE HALL (hereinafter "HALL") is an individual who was the

17    Chief Executive Officer of HARBOR VIEW.  In his capacity as the Chief

18    Executive Officer of HARBOR VIEW, HALL was a duly authorized agent and

19    employee of HARBOR VIEW and TENET.  Plaintiff further alleges that all

20    actions taken by HALL were in the course and scope of his agency and

21    employment with HARBOR VIEW and TENET, that said actions were performed

22    at the direction and request of HARBOR VIEW and TENET, and that said

23    actions were performed for the benefit of HARBOR VIEW and TENET.

24         7.    Plaintiffs are unaware of the true names and capacities,

25    whether individual, associate, corporate, or otherwise, of the

26    Defendants sued herein as DOES 1 through 100, inclusive, and therefore

27    sue these Defendants by such fictitious names.  Plaintiff will seek

28    leave of Court to amend this Complaint to allege their true names and

1 | capacities when ascertained.  Plaintiffs are informed and believe and
2 | thereon allege that each of the fictitiously named Defendants is
3 | responsible in some manner for the occurrences alleged herein, and that
4 | Plaintiffs' damages as alleged herein were proximately and legally
5 | caused by Defendants' conduct.

6 |      8.  Plaintiffs are informed and believe and thereon allege that at
7 | all times herein mentioned each of the Defendants was the agent and
8 | employee of the remaining Defendants, and in doing the things alleged
9 | herein, was acting within the course and scope of such agency and with
10 | the permission and consent of the remaining Defendants.

11 |      9.  In or about January 1997, TENET acquired several hospitals and
12 | medical facilities, including HARBOR VIEW.  Shortly thereafter,
13 | Plaintiffs believed that TENET was going to close HARBOR VIEW.

14 |      10.  Due to the belief of impending hospital closure and potential
15 | loss of their jobs, several HARBOR VIEW employees obtained alternative
16 | employment.

17 |      11.  In an effort to stop the flow of exiting employees, including
18 | Plaintiffs, in or about March 1997, TENET informed HALL that TENET would
19 | provide special severance packages to all of those employees who
20 | remained with HARBOR VIEW until HARBOR VIEW terminated them.  HALL
21 | informed Plaintiffs that if they remained with HARBOR VIEW until their
22 | services were no longer needed, they would receive severance packages.
23 | The severance packages which were offered varied depending on the
24 | longevity of each Plaintiff's employment, but generally consisted of
25 | paying one month's pay for each year of employment, up to a maximum of
26 | five month's pay.

27 |      12.  Plaintiffs reasonably relied upon the foregoing
28 | representations made by HALL, TENET and HARBOR VIEW and either declined

10

1 employment elsewhere or abated their search for employment elsewhere in
2 order to remain with HARBOR VIEW until terminated. Plaintiffs agreed to
3 remain with HARBOR VIEW in consideration of Defendants' promise to
4 provide severance benefits if they stayed with HARBOR VIEW.

5     13.  In or about May 1997, Defendants commenced terminating
6 Plaintiffs and in or about July 1997, HARBOR VIEW HOSPITAL closed.
7 Plaintiffs did not receive the promised severance benefits, and
8 Defendants refuse to pay the severance package as promised.

9 **FIRST CAUSE OF ACTION**

10 **BREACH OF WRITTEN CONTRACT**

11 (Against TENET and HARBOR VIEW)

12     14.  Plaintiffs reallege and incorporate herein by reference, as
13 though set forth in full, each and every allegation contained in each
14 and every preceding paragraph of this Complaint.

15     15.  Defendants have a written policy regarding severance pay
16 including the employees of HARBOR VIEW.  This written policy was
17 provided by Defendants as part of the terms of employment. Plaintiffs,
18 as employees of Defendants, were aware of Defendants' written policy
19 regarding severance pay and agreed to the terms of the written policy as
20 a condition to their employment with Defendants.

21     16.  The written policy states that severance pay will be paid to
22 employees similarly situated to Plaintiffs who were terminated.  The
23 written policy also includes a provision that the prevailing party in
24 any litigation arising out of the contract is entitled to recover
25 attorney's fees and costs.

26     17.  When Defendants closed HARBOR VIEW HOSPITAL in July 1997, it
27 decreased the work force of Defendants.

28 ...

18.  TENET and HARBOR VIEW breached their agreement with Plaintiffs by failing to adhere to their own written policy regarding severance pay by failing to pay terminated employees the severance pay to which they were entitled pursuant to the written severance pay policy.

19.  Plaintiffs have performed all obligations to Defendants except those obligations Plaintiffs were prevented or excused from performing.

20.  Plaintiffs reasonably relied, to their detriment, upon the representations, promises, and agreements made by Defendants. In May 1997, Defendants repudiated their promise to pay severance to Plaintiffs.

21.  As a direct, foreseeable, and proximate result of Defendants' breach and the facts alleged herein, Plaintiffs suffered damages of $250,000.00 or an amount according to proof at the time of trial, together with interest thereon, attorneys' fees, and costs incurred.

## SECOND CAUSE OF ACTION

### BREACH OF ORAL CONTRACT

(Against All Defendants).

22.  Plaintiffs reallege and incorporate herein by reference, as though set forth in full, each and every allegation contained in each and every preceding paragraph of this Complaint.

23.  In or about March 1997, Defendants informed HALL that TENET would provide special severance packages to all of those employees who remained with HARBOR VIEW until terminated by HARBOR VIEW. HALL informed Plaintiffs' supervisors that those employees who remained with HARBOR VIEW until terminated would receive severance packages equal to one month's salary for each year of longevity up to a maximum five months.

24.  In consideration of Defendants' promise to provide future severance benefits if the Plaintiffs continued to work for HARBOR VIEW

12

1  and TENET until terminated, Plaintiffs either declined employment
2  elsewhere or abated their search for employment elsewhere and agreed to
3  continue working for HARBOR VIEW and TENET until terminated or until
4  July 5 1997, the announced closure date.

5      25. Defendants breached their agreement with Plaintiffs by
6  refusing to pay the severance benefits as promised.

7      26. Plaintiffs have performed all obligations to Defendants except
8  those obligations Plaintiffs were prevented or excused from performing.

9      27. Plaintiffs reasonably relied, to their detriment, upon the
10 representations, promises, and agreements made by defendants.

11     28. As a direct, foreseeable, and proximate result of Defendants'
12 breach and the facts alleged herein, Plaintiffs suffered damages in an
13 amount of one month's salary for each year of longevity or according to
14 proof at the time of trial, together with interest thereon and costs
15 incurred.

16                 THIRD CAUSE OF ACTION

17     BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

18               (Against All Defendants)

19     29. Plaintiffs reallege and incorporate herein by reference, as
20 though set forth in full, each and every allegation contained in each
21 and every preceding paragraph of this Complaint.

22     30. The written and oral contracts between the parties, as alleged
23 above, contained an implied covenant of good faith and fair dealing,
24 which covenant inheres in every contract, and which obligated the
25 Defendants to admit and recognize and perform the terms and conditions
26 of the contract fairly and in good faith, and to refrain from denying or
27 doing any act that would deprive Plaintiffs the benefits of each
28 contract.

1    31.   Defendants breached the foregoing covenant and acted in bad
2    faith by their actions and inaction by 1) Denying that such a promise
3    was made or that Plaintiffs are entitled to any severance pay, 2)
4    promising to pay Plaintiffs severance benefits if they continued to work
5    for HARBOR VIEW and TENET until terminated, and 3) refusing to pay the
6    benefits promised.

7    32.   Plaintiffs have performed all obligations to Defendants except
8    those obligations Plaintiffs were prevented or excused from performing.

9    33.   Plaintiffs reasonably relied, to their detriment, upon the
10   representations, promises, and agreements made by Defendants.

11   34.   As a direct, foreseeable, and proximate result of Defendants'
12   breach and the facts alleged herein, Plaintiffs suffered damages in an
13   amount according to proof at the time of trial, together with interest
14   thereon, and costs incurred.

15                        FOURTH CAUSE OF ACTION

16                        PROMISSORY ESTOPPEL

17                       (Against All Defendants)

18   35.   Plaintiffs reallege and incorporate herein by reference, as
19   though set forth in full, each and every allegation contained in each
20   and every preceding paragraph of this Complaint.

21   36.   In or about January 1997 and March 1997, respectively,
22   Plaintiffs' employers and Defendants promised Plaintiffs that they would
23   1) pay Plaintiffs severance benefits upon the closure of HARBOR VIEW and
24   2) pay Plaintiffs severance benefits if they continued to work for
25   HARBOR VIEW and TENET until terminated.

26   37.   TENET and HARBOR VIEW, as Plaintiffs' employer, should have
27   reasonably expected that the promise would induce action or forbearance
28   on the part of the Plaintiffs including but not limited to the

14

1 following:  TENET and HARBOR VIEW should have reasonably expected that
2 Plaintiffs would accept employment with TENET and HARBOR VIEW, would
3 continue to work for TENET and HARBOR VIEW knowing that HARBOR VIEW
4 would be closed on or about July 5, 1997, would refrain from seeking
5 alternate employment before HARBOR VIEW closed, and declined alternate
6 employment before terminated.

7      38.  The promise to pay severance benefits did in fact induce
8 action or forbearance on the part of Plaintiffs.  The action or
9 forbearance that TENET and HARBOR VIEW's promises induced included, but
10 was not limited to:  Plaintiffs accepted/maintained employment with
11 TENET and HARBOR VIEW, continued to work for TENET and HARBOR VIEW
12 knowing that HARBOR VIEW would be closed about July 5, 1997, refrained
13 from seeking alternate employment even though they knew that HARBOR VIEW
14 would be closed, and declined alternate employment when they knew that
15 HARBOR VIEW would close.

16      39.  Plaintiffs are informed and believe and thereon allege that an
17 injustice to them can be avoided only by enforcing the promise by
18 Defendants to Plaintiffs that Defendants would provide severance pay to
19 the Plaintiffs if they continued to work at/for HARBOR VIEW and TENET
20 until terminated, due to closure.

21      40.  As a direct, foreseeable, and proximate result of Defendants'
22 breach and the facts alleged herein, Plaintiffs suffered damages in an
23 amount equal to one month's pay for each year of longevity or according
24 to proof at the time of trial, together with interest thereon and costs
25 incurred.

26 ...

27 ...

28 ...

15

## FIFTH CAUSE OF ACTION

### PROMISSORY FRAUD

(Against All Defendants)

41.   Plaintiffs reallege and incorporate herein by reference, as though set forth in full, each and every allegation contained in each and every preceding paragraph of this Complaint.

42.   Plaintiffs allege that in or about March 1997 Defendants made a promise as to a material matter, to wit:   that Defendants would provide a severance package to the employees of HARBOR VIEW and TENET, provided that Plaintiffs continued to work at/for HARBOR VIEW until terminated. At the time that this promise was made, the Defendants did not intend to carry out their obligations.

43.   The Defendants made the promise to provide a severance package with an intent to defraud the Plaintiffs. That is, the Defendants made the promise for the purpose of inducing the Plaintiffs to rely upon the promise of severance pay and to 1) remain working for TENET and HARBOR VIEW until terminated, 2) refrain from seeking alternate employment until terminated, and 3) decline alternate employment until HARBOR VIEW terminated.

44.   At the time that the promise was made, the Plaintiffs were unaware that the Defendants did not intend to perform the promise and provide severance packages. The Plaintiffs acted in reliance upon the promise by 1) continuing to work for TENET and HARBOR VIEW until terminated, 2) refraining from seeking alternate employment until terminated, and 3) declining alternate employment until terminated. The Plaintiffs were justified in relying upon the promises made by the Defendants because a promise to pay severance benefits in the future is sufficient consideration for the Plaintiffs to enter into a contract

16

1   whereby the Plaintiffs forego their rights to seek other employment.

2       45.   As a direct, foreseeable, and proximate result of Defendants'
3   misrepresentations and the facts alleged herein, Plaintiffs suffered
4   damages in an amount according to proof at the time of trial, together
5   with interest thereon, and costs incurred.

6       46.   Defendants committed all of the acts, as hereinabove alleged,
7   maliciously, fraudulently, oppressively, and despicably with the
8   wrongful intention of injuring the Plaintiffs and in conscious disregard
9   of the Plaintiffs' rights so as to justify an award of exemplary and
10  punitive damages in the sum of $10,000,000.00 pursuant to California
11  Civil Code Section 3294.

12                          **SIXTH CAUSE OF ACTION**

13                   **FRAUD/INTENTIONAL MISREPRESENTATION**

14                        (Against All Defendants.)

15      47.   Plaintiffs reallege and incorporate herein by reference, as
16  though set forth in full, each and every allegation contained in each
17  and every preceding paragraph of this Complaint.

18      48.   Plaintiffs allege that in or about March 1997, Defendants made
19  representations of material facts to wit:   that in an effort to
20  discourage Plaintiffs from leaving HARBOR VIEW prior to the date that it
21  closed, Defendants TENET and HARBOR VIEW would provide severance pay
22  packages to Plaintiffs if they continued to work at/for HARBOR VIEW
23  until terminated by Plaintiffs.

24      49.   These representations were in fact false in that TENET and
25  HARBOR VIEW did not provide severance pay packages to Plaintiffs who
26  continued to work at/for HARBOR VIEW until HARBOR VIEW terminated their
27  services.

28  ...

                                   15                        17

1       50.   When Defendants made these representations, they knew that the

2   representations were false.  Defendants made these representations with

3   the intent to defraud and induce the Plaintiffs to 1) continue working

4   for TENET and HARBOR VIEW until terminated, 2) forego seeking alternate

5   employment until terminated, and 3) decline alternate employment until

6   terminated.  At the time Plaintiffs acted, they did not know that the

7   representations were false and believed that the representations were

8   true.  Plaintiffs acted in justifiable reliance upon the truth of the

9   representations because a promise to pay severance benefits in the

10  future is sufficient consideration for the Plaintiffs to enter into a

11  contract whereby the Plaintiffs forego their rights to seek other

12  employment.

13      51.  As a direct, foreseeable, and proximate result of Defendants'

14  misrepresentations and the facts alleged herein, Plaintiffs suffered

15  damages in an amount according to proof at the time of trial, together

16  with interest thereon, and costs incurred.

17      52.  Defendants committed all of the acts, as hereinabove alleged,

18  maliciously, fraudulently, oppressively, and despicably with the

19  wrongful intention of injuring Plaintiffs and in conscious disregard of

20  Plaintiffs' rights so as to justify the award of exemplary and punitive

21  damages in the sum of $10,000,000.00 pursuant to California Civil Code

22  Section 3294.

23                      **SEVENTH CAUSE OF ACTION**

24                      **NEGLIGENT MISREPRESENTATION**

25                      (Against All Defendants)

26      53.  Plaintiffs reallege and incorporate herein by reference, as

27  though set forth in full, each and every allegation contained in each

28  and every preceding paragraph of this Complaint.

18

1    54.   Plaintiffs allege that in or about March 1997, Defendants made
2  representations of material facts to wit:   that in an effort to
3  discourage Plaintiffs from leaving HARBOR VIEW prior to the date that it
4  closed, Defendants TENET and HARBOR VIEW would provide severance pay
5  packages to Plaintiffs if they continued to work at/for HARBOR VIEW
6  until terminated. The expected closure date was July 5, 1997.

7    55.   These representations were in fact false in that TENET and
8  HARBOR VIEW did not provide severance pay packages to the Plaintiffs who
9  continued to work at/for HARBOR VIEW until terminated.

10    56.   When Defendants made these representations, Defendants had no
11  reasonable ground for believing the representations were true and knew
12  or should have known that the representations were false.  Defendants
13  made these representations with the intent to defraud and induce the
14  Plaintiffs to 1) continue working for TENET and HARBOR VIEW until
15  terminated, 2) forego seeking alternate employment until terminated, and
16  3) decline alternate employment until terminated.   At the time
17  Plaintiffs acted, they did not know that the representations were false
18  and believed that the representations were true.  Plaintiffs acted in
19  justifiable reliance upon the truth of the representations because a
20  promise to pay severance benefits in the future is sufficient
21  consideration for the Plaintiffs to enter into a contract whereby the
22  Plaintiffs forego their rights to seek other employment.

23    57.   As a direct, foreseeable, and proximate result of Defendants'
24  misrepresentations and the facts alleged herein, Plaintiffs suffered
25  damages in an amount of $250,000.00 or according to proof at the time of
26  trial, together with interest thereon and costs incurred.

27    ...

28    ...

## EIGHTH CAUSE OF ACTION

### CONCEALMENT

(Against All Defendants)

58.   Plaintiffs reallege and incorporate herein by reference, as though set forth in full, each and every allegation contained in each and every preceding paragraph of this Complaint.

59.   In or about January 1997 and March 1997, Defendants concealed or suppressed material facts, including but not limited to the fact that they did not intend to pay any severance pay benefits whatsoever to the Plaintiffs.

60.   Defendants concealed or suppressed the above alleged material facts that they were bound to disclose and told Plaintiffs other facts, as alleged above, in order to mislead Plaintiffs and prevent Plaintiffs from discovering the concealed or suppressed facts. HARBOR VIEW HOSPITAL closed July 5, 1997.

61.  .Defendants concealed or suppressed these facts with the intent to defraud and induce Plaintiffs to 1) continue working for TENET and HARBOR VIEW until terminated, 2) forego seeking alternate employment until terminated, and 3) decline alternate employment until terminated. At the time Plaintiffs acted, Plaintiffs were unaware of the concealed or suppressed facts above described. Had Plaintiffs been aware of the concealed and suppressed facts above described, Plaintiffs would not have remained with HARBOR VIEW until it closed, but would have sought alternate employment, and would not have declined offers of employment.

62.   As a direct, foreseeable, and proximate result of Defendants' concealment, misrepresentations and the facts alleged herein, Plaintiffs suffered damages in an amount of $250,000.00 or according to proof at the time of trial, together with interest thereon, and costs incurred.

20

1    63.   Defendants committed all of the acts, as hereinabove alleged,
2 maliciously, fraudulently, oppressively, and despicably with the
3 wrongful intention of injuring Plaintiffs and in conscious disregard of
4 Plaintiffs' rights so as to justify the award of exemplary and punitive
5 damages in the sum of $10,000,000.00 pursuant to California Civil Code
6 Section 3294.

7                     NINTH CAUSE OF ACTION

8                PROMISE WITHOUT INTENT TO PERFORM

9                   (Against All Defendants)

10   64.   Plaintiffs reallege and incorporate herein by reference, as
11 though set forth in full, each and every allegation contained in each
12 and every preceding paragraph of this Complaint.

13   65.   In or about March 1997, Defendants promised to provide
14 severance pay benefits if the work force for TENET decreased.  In or
15 about March 1997, Defendants promised to provide severance pay benefits
16 if Plaintiffs continued to work for HARBOR VIEW and TENET until HARBOR
17 VIEW closed.  Defendants made these promises without any intention of
18 performing them.

19   66.   Defendants' promises without any intention of performance were
20 made with the intent to defraud and induce Plaintiffs to 1) accept
21 employment with HARBOR VIEW and TENET, 2) continue working for TENET and
22 HARBOR VIEW until HARBOR VIEW closed, 3) forego seeking alternate
23 employment until HARBOR VIEW closed, and 4) decline alternate employment
24 until HARBOR VIEW closed.  At the time Plaintiffs acted, Plaintiffs were
25 unaware of Defendants' intention not to perform the promises.
26 Plaintiffs acted in justifiable reliance upon the promise. A promise to
27 pay severance benefits in the future is sufficient consideration for the
28 Plaintiffs to enter into a contract whereby the Plaintiffs forego their

1   rights to seek other employment.

2        67.  In justifiable reliance upon Defendants' conduct, Plaintiffs

3   were induced to  1) accept employment with HARBOR VIEW and TENET, 2)

4   continue working for TENET and HARBOR VIEW until terminated or HARBOR

5   VIEW closed, 3) forego seeking alternate employment until terminated or

6   HARBOR VIEW closed, and 4) decline alternate employment until terminated

7   or HARBOR VIEW closed.

8        68.  Because of Plaintiffs' justifiable reliance upon Defendants'

9   conduct and as a direct, foreseeable, and proximate result of

10  Defendants' misrepresentations and the facts alleged herein, Plaintiffs

11  suffered damages in an amount according to proof at the time of trial,

12  together with interest thereon and costs incurred.

13       69.  Defendants committed all of the acts, as hereinabove alleged,

14  maliciously, fraudulently, oppressively, and despicably with the

15  wrongful intention of injuring Plaintiffs and in conscious disregard of

16  Plaintiffs' rights so as to justify the award of exemplary and punitive

17  damages.

18                           TENTH CAUSE OF ACTION

19      INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

20                         (Against All Defendants)

21       70.  Plaintiffs reallege and incorporate herein by reference, as

22  though set forth in full, each and every allegation contained in each

23  and every preceding paragraph of this Complaint.

24       71.  A prospective economic relationship existed between the

25  Plaintiffs and the employers with whom Plaintiffs could have obtained

26  alternate employment prior to the date that HARBOR VIEW closed or

27  Plaintiffs were terminated.

28   ...

                                                                        22

1    72.   The Defendants knew of the existence of these prospective
2  relationships.

3    73.   The Defendants intentionally engaged in acts or conduct
4  designed to interfere with and disrupt these relationships or to prevent
5  them from materializing, to wit:   Defendants told Plaintiffs that
6  Plaintiffs would receive severance pay benefits if the Plaintiffs
7  continued to work for HARBOR VIEW and TENET until terminated or HARBOR
8  VIEW closed.

9    74.   The   prospective   economic   relationships   were   actually
10  interfered with and disrupted in that the Plaintiffs continued to work
11  for HARBOR VIEW and TENET until HARBOR VIEW closed or Plaintiffs were
12  earlier terminated, the Plaintiffs did not seek alternate employment
13  until HARBOR VIEW terminated, and the Plaintiffs declined alternate
14  employment until terminated

15    75.   The Defendants' acts, as herein described, were designed to
16  interfere. and disrupt these relationships or prevent them from
17  materializing.   Defendants' acts caused the Plaintiffs damages in an
18  amount of $250,000.00 or according to proof at the time of trial,
19  together with interest thereon, and costs incurred.

20    76.   Defendants committed all of the acts, as hereinabove alleged,
21  maliciously, fraudulently, oppressively, and despicably with the
22  wrongful intention of injuring Plaintiffs and in conscious disregard of
23  Plaintiffs' rights so as to justify the award of exemplary and punitive
24  damages in the sum of $10,000,000.00 pursuant to California Civil Code
25  Section 3294.

26  ...

27  ...

28  ...

**ELEVENTH CAUSE OF ACTION**

**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

(Against All Defendants)

77.  Plaintiffs reallege and incorporate herein by reference, as though set forth in full, each and every allegation contained in each and every preceding paragraph of this Complaint.

78.  A prospective economic relationship existed between the Plaintiffs and the employers with whom Plaintiffs could have obtained alternate employment prior to the date that HARBOR VIEW closed.

79.  The Defendants knew of the existence of these prospective relationships and were aware, or should have been aware, that if they did not act with due care in their actions, as herein described, it would interfere with these relationships or prevent them from materializing and cause the Plaintiffs to lose in whole or in part the probable future economic benefit or advantage from these relationships.

80.  The Defendants thus failed to exercise due care in promising that they would pay severance benefits to the Plaintiffs if the Plaintiffs continued to work for TENET and HARBOR VIEW until terminated, knowing their promise was false, thereby interfering with the prospective economic relationships or preventing them from materializing.

81.  The negligence of the Defendants actually and proximately caused the Plaintiffs damages. Namely, the relationships were actually interfered with, prevented from occurring, or disrupted, and the Plaintiffs lost in whole or in part the economic benefits or advantage from those relationships in an amount according to proof at the time of trial, together with interest thereon, and costs incurred.

...

24

1    **WHEREFORE**, Plaintiffs pray judgment as follows:

2        1.   For special damages in an amount unknown at this time, but

3    which will be shown according to proof to be presented at the time of

4    trial;

5        2.   For interest on said special damages at the legal rate of

6    interest;

7        3.   For general damages in an amount according to proof at the

8    time of trial;

9        4.   For exemplary and punitive damages;

10       5.   For reasonable attorneys' fees;

11       6.   For costs of suit herein incurred; and

12       7.   For such other and further relief as the Court may deem just

13   and proper.

14   Dated:  4-16-98                    GEORGE P. ANDREOS, Attorney

15                                      for Plaintiffs

16                                                4/13/98/C:\WP60\DATA\SFA\PHARETTRL.CO

17

18

19

20

21

22

23

24

25

26

27

28

25

Exhibit B

1                            **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3            I am employed in the county of Los Angeles, State of California.  I am over the
     age of 18 and not a party to the within action; my business address is 10100 Santa Monica
4    Boulevard, Suite 2200, Los Angeles, California 90067.

5            On May 21, 1998, I served the foregoing document(s) described as GENERAL DENIAL OF
     DEFENDANTS TENET HEALTHCARE CORPORATION, HARBOR VIEW MEDICAL CENTER AND STEVE HALL on the
6    interested parties in this action:

7    ___    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the
            attached mailing list:
8
     _X_    by placing ___ the original _X_ a true copy thereof enclosed in sealed envelopes addressed
9           as follows:

10   **George P. Andreos, APLC**
     **11405 West Bernardo Court**
11   **Suite 203**
     **San Diego, California 92127-1639**
12
     _X_    (BY MAIL)   ___   I deposited such envelope in the mail at _____,
13          California.  The envelope was mailed with postage thereon fully prepaid.

14          _X_   As follows:  On this date I placed such envelope(s) for deposit at
     the location in this place of business utilized for the deposit of mail in the
15   United States Postal Service.  I am "readily familiar" with the firm's
     practice of collection and processing correspondence for mailing.  I followed
16   that practice.  Under that practice such envelope(s) would be deposited with
     United States Postal Service on that same day with postage thereon fully
17   prepaid at Los Angeles, California in the ordinary course of business.  I am
     aware that on motion of the party served, service is presumed invalid if
18   postal cancellation date or postage meter date is more than one day after date
     of deposit for mailing in affidavit.
19
     Executed on May 21, 1998 , at Los Angeles, California.
20
     ___        (BY PERSONAL SERVICE) I delivered such envelope by hand to the
21          offices of the addressee.

22   Executed on _____, 1998, at Los Angeles , California.

23   _X_    (State)    I declare under penalty of perjury under the laws of the
                       State of California that the above is true and correct.
24
     ___    (Federal)  I declare that I am employed in the office of a member of
25                     the bar of this court at whose direction the service was
                       made.
26
     Michelle Mapstead___
27   Type or Print Name              Signature

28

                                                                            32

1  **LOEB & LOEB LLP**
2  RAYMOND W. THOMAS, ESQ. (Bar #072916)
   MARITA COVARRUBIAS, ESQ. (Bar #156460)
3  RICHARD J. FREY, ESQ. (Bar #174120)
   10100 Santa Monica Blvd., Suite 2200
4  Los Angeles, California  90067-4164
   Telephone:  (310) 282-2000

5  Attorneys for Defendants
6  TENET HEALTHCARE CORPORATION,
   HARBOR VIEW MEDICAL CENTER and STEVE HALL

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN DIEGO

10

11 | OSCAR A. JUANITAS, JR.; SHIRLEY A. | **CASE NO. 719836** |
   | MERCERI; N. PAUL SAMPSON; CYNTHIA | |
12 | V. DE GUIA; DEBORAH A. KELLER; | **GENERAL DENIAL OF** |
   | DANIEL P. RODDEN; ARACELI C. | **DEFENDANTS TENET** |
13 | OCAMPO; GAIL A. SCHWARTZ; KENNETH | **HEALTHCARE CORPORATION,** |
   | J. HOLMES; DENISE C. MARIANO; | **HARBOR VIEW MEDICAL** |
14 | SANDRA R. HAJEK; THOMAS W. KIRK; | **CENTER AND STEVE HALL TO** |
   | PAMELA L. FANTIN; OTTO K. STOKES; | **PLAINTIFFS' COMPLAINT** |
15 | BRANDY L. LeBOHUF; TINA F. OAKS; | |
   | ALBERT D. RADLO; CINDY SILVER; | |
16 | JOSEPHINE ADAME; JOHN HANK; | |
   | TERESA L. WINKLER; TINNIE WOMACK; | |
17 | MARIETTA A. ALHAMBRA; MARGARET | |
   | HOLLOHAN; PAUL A. VIENS; MARY M. | |
18 | MILLER-CORDOVA; MARY C. HACKER; | |
   | DAWN D. SEPPALA; WENDY | |
19 | ANDRZEJEWSKI; MARK DOBRINA; | |
   | KAREN D. WILKINS; PATRICIA ABDEL- | |
20 | RAZZAQ; NATHANIA D. LANG; VIRGILIO | |
   | N. FRESTO; PAULINE M. GONZALES; | |
21 | ORLANDO REYNA; PATRICIA FLEEGE; | |
   | MEGAN K. SMITH; BILL A. WATERS; | |
22 | VIRGINIA I. ELSMORE; SONIA M. | |
   | MANALO; BRENDA L. GALZA; LORETTA | |
23 | J. ALEXANDER; TERRY SAUNDERS; | |
   | DIANNE COLLINS; CORINNE BRUCK; | |
24 | MILAGROS DATUGAN; ETHEL M. | |
   | LIZARRARAS; ROSALINA PINALES; | |
25 | JANALEE ARNETT; TRUDY BOELMAN; | |
   | JOY MELHADO; SALLY NALEY; | |
26 | DEBORAH LEICHTLING; BIENVENIDA | |
   | McINNIS; LOUISE Y. FLORES; ANNA | |
27 | GUTIERREZ; FLORABEL A. TINIO; | |
   | LOURDES C. FARIN; MILO C. | |
28 | MATTHEWS; MERLY LETE; CLYDE | |

FRR11557.P03
598630040
05/19/98 RJF:mm4

26

STEVENSON, JR.; NORMA MARTINEZ;   )
ROSARIO PHILLIPS; MARITES G. MIPOL;   )
BELLA AQUINO; FERNANDO P.   )
BAUTISTA; COLLEEN F. MOORE; MARY   )
COHEN; ABEL C. GARCIA; MAGDALENA   )
D. ACAIN; NUNCIA M. RIVERA; DAVID   )
PERRY; CINDY FERGUSON; ELIZABETH   )
JAFFE; PATRICIA J. MYERS; LINNETTE   )
OAKLEY; EMERITA K. VIRAY; ELSA   )
ACACIO; DAHLIA TAYAG; ROSITA   )
ESTACIO; ROSALEEH T. ALAYON;   )
ORLANDA E. ECOJA; DOLORES   )
APOSTOL; BEVERLY D. WALKER; LILLIE   )
A. GALVAN; MARY K. AQUIMINGOC;   )
BEVERLY ROLING; and PATRICIA   )
FLORES   )
                                       )
                  Plaintiffs,          )
vs.                                    )
                                       )
TENET CORPORATION; HARBOR VIEW   )
HOSPITAL; STEVE HALL; and DOES 1   )
through 100, Inclusive,              )
                                       )
                  Defendants.          )
_____)

1.    Defendants Tenet Healthcare Corporation (erroneously named as Tenet

Corporation), Harbor View Medical Center (erroneously sued herein as Harbor View Hospital)

and Steve Hall ("Defendants"), answering for themselves and for no other defendant, respond

to the Complaint of Plaintiffs ("Plaintiffs") on file herein as follows:

### GENERAL DENIAL

2.    Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

Defendants deny, generally and specifically, each and every allegation in Plaintiffs'

Complaint.  Defendants further generally and specifically deny that Plaintiffs have been

damaged in the sums alleged, or any other sum, or at all, by reason of any act or omission to

act on the part of Defendants or any of their agents, servants, employees or representatives.

Defendants further deny, generally and specifically, that Plaintiffs are entitled to general,

compensatory, punitive or other damages, in any amount, by reason of any act or omission to

act on the part of Defendants, or on the part of their agents, servants, employees or representatives.

### FIRST AFFIRMATIVE DEFENSE

3.   The Court lacks jurisdiction over the subject matter of each cause of action set forth in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

4.   The Complaint herein and each purported cause of action contained therein fails to allege facts sufficient to state a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

5.   Plaintiffs are barred from any recovery under the Complaint herein and each purported cause of action contained therein because Plaintiffs have failed to mitigate the alleged damages, if any, as required by law.

### FOURTH AFFIRMATIVE DEFENSE

6.   The Complaint and each purported cause of action contained therein, is barred in whole or in part by the applicable statutes of limitation, including without limitation Code of Civil Procedure Sections 337(1), 337(3), 338(a), 339(1), 339(3), 340(1), 340(3) and 343.

### FIFTH AFFIRMATIVE DEFENSE

7.   Plaintiffs by their conduct have waived, and are estopped from asserting or enforcing, any claim in the Complaint herein, and each purported cause of action contained therein.

### SIXTH AFFIRMATIVE DEFENSE

8.   Plaintiffs' claim for damages are barred by California Labor Code Section 3600 et seq., which provides the exclusive remedy.

### SEVENTH AFFIRMATIVE DEFENSE

9.    The Complaint and each purported cause of action contained therein, is barred in whole or in part by Plaintiffs' failure to exhaust internal and administrative remedies including, but not limited to, 29 U.S.C. § 1133.

### EIGHTH AFFIRMATIVE DEFENSE

10.    The Complaint, and each cause of action contained therein, fails to state facts sufficient to enable Plaintiffs to recover punitive or exemplary damages.

### NINTH AFFIRMATIVE DEFENSE

11.    The Complaint and each cause of action contained therein, does not state facts sufficient to enable Plaintiffs to recover punitive damages, costs or attorney's fees.

### TENTH AFFIRMATIVE DEFENSE

12.    Any acts alleged to have been committed by Defendants or any of its respective agents or employees were committed in the exercise of good faith and with probable cause, and were reasonable and justified under the circumstances then apparent.

### ELEVENTH AFFIRMATIVE DEFENSE

13.    Any alleged contract is unenforceable on the grounds of mistake.

### TWELFTH AFFIRMATIVE DEFENSE

14.    The Complaint and each cause of action or claim contained therein, is preempted by ERISA, 29 U.S.C. § 1001, et seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

15.    If Defendants did commit any tortious act entitling Plaintiffs to recover for any loss suffered or sustained at the time alleged, although such is not admitted hereby or herein, then the total amount of damages to which Plaintiffs would otherwise be entitled shall be reduced in proportion to the amount of negligence attributable to Plaintiffs and which negligence directly and proximately contributed to Plaintiffs' loss or damage herein alleged.

## TWENTIETH AFFIRMATIVE DEFENSE

22.    The Complaint and each purported cause of action contained therein is barred in whole or in part by Plaintiffs' failure to exhaust internal and administrative remedies.

WHEREFORE, Defendants pray for judgment as follows:

(1)  That Plaintiff's complaint and each cause of action thereof be dismissed with prejudice;

(2)  That Plaintiff take nothing by reason of her complaint;

(3)  That Defendants be awarded its costs incurred herein, including reasonable attorney's fees; and

(4)  That the Court order such other and further relief for Defendants as the Court may deem just and proper.

DATED:  May 20, 1998

LOEB & LOEB LLP
Raymond W. Thomas
Marita Covarrubias
Richard J. Frey

By: _Marita Covarrubias_
Marita Covarrubias
Attorneys for Defendants Tenet Healthcare
Corporation, Harbor View Medical Center and
Steve Hall

JS 44
(Rev. 11/95)

**CIVIL COVER SHEET** ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
OSCAR A. JUANITAS, JR., ET AL.

'98 cv 958 S (POR)

## DEFENDANTS
TENET HEALTHCARE CORPORATION; HARBOR VIEW MEDICAL CENTER; STEVE HALL; AND DOES 1 THROUGH 10 INCLUSIVE

FILED

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GEORGE P. ANDREOS, APLC
11405 WEST BERNARDO COURT, STE. 203
SAN DIEGO, CALIFORNIA 92127-1639
(619) 675-8691

ATTORNEYS (IF KNOWN)
MARITA COVARRUBIAS/LOEB & LOEB LLP
10100 SANTA MONICA BLVD., STE. 2200
LOS ANGELES, CALIFORNIA 90067-4164
(310) 282-2000

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury—Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury—Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [X] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
29 U.S.C. Section 1001, et. seq.

28: 1441 lm JAH

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
May 20, 1998

SIGNATURE OF ATTORNEY OF RECORD
MCovarrubias
Marita Covarrubias, Esq.

FOR OFFICE USE ONLY
RECEIPT # 38854 AMOUNT 8/150 APPLYING IPP _____ JUDGE _____ MAG. JUDGE _____